**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>D&A CORPORATION d/b/a BAKERSFIELD WHOLESALE FOODS, a California Corporation, ABDO AEZAH, an individual, MALAKA M. AEZAH, an individual, FAHD AIZAH, an individual, DAVID AEZAH, an individual, and DOES 1 THROUGH 100, inclusive,<br><br>        Defendants. | 1:04-cv-06737 OWW TAG<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 92) PURSUANT TO FED. R. CIV. P. 55. |

### I. INTRODUCTION

This cause of action arises out of the alleged non-payment of approximately $3.68 million in charges to Defendants' American Express credit cards. Plaintiff, American Express Travel Related Services Company, Inc. ("Plaintiff" or "American Express") moves for default judgment against two of the named defendants in this action, D&A Corporation d/b/a Bakersfield Wholesale ("Bakersfield Wholesale") and Abdo Aezah ("Abdo"). The other named defendants,

1

against whom American Express does not move for default, include Malaka M. Aezah, Abdo's common law wife and David Aezah, Abdo's brother or brother-in-law.

## II.   **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed its original complaint on December 21, 2004. (Doc. 1, Compl.)  Plaintiff filed the First Amended Complaint on March 22, 2005.  (Doc. 44, First Am. Compl.)  Plaintiff's claims, as set forth in the First Amended Complaint, are:  (1) breach of contract against Bakersfield Wholesale; (2) account stated against Bakersfield Wholesale; (3) breach of contract against all individual defendants; (4) breach of contract on book account against all defendants except David; (5) unjust enrichment against all defendants except David; (6) common law fraud against all defendants except David; (7) piercing the corporate veil; (8) and fraudulent conveyance against Bakersfield Wholesale, Abdo, and David.

Plaintiff was granted leave to file a Second Amended Complaint on June 3, 2005 (Doc. 94, Minute Order), and filed a Second Amended Complaint by stipulation and with the permission of the court on June 8, 2005 (Doc. 96, Second Am. Compl.).

Abdo and Bakersfield Wholesale both answered the original complaint, although neither of these defendants answered the First Amended Complaint.  At a April 4, 2005 hearing unrelated to the motion for default, at which Abdo was present, Defendants' counsel stated that his clients Abdo and Bakersfield Wholesale

did not intend to answer the First Amended Complaint.[1] Plaintiff's counsel stated in his sworn declaration that he spoke with Defendants' counsel on April 11, 2005 and that Defendants' counsel "confirmed that Abdo Aezah and Bakersfield Wholesale would not be answering...and that they intended to default in this action."  (Doc. 91, Glauber Decl. ¶ 10)

On May 6, 2005, Plaintiff requested that the clerk of court enter default against Abdo and Bakersfield Wholesale, and default was entered against each of these defendants on the same date. American Express now moves for default judgment against Abdo and Bakersfield Wholesale in the amount of $3,683,320.97.  (Doc. 92, Pl.'s Mem. 6)

American Express appears to request default judgment as to only three of its causes of action against these defendants. American Express states in its memorandum that it is entitled to default judgment against Abdo and Bakersfield Wholesale for breach of contract and against Bakersfield Wholesale for account stated.

In addition, American Express asserts that the operative agreement "awards American Express attorney's fees equal to 15% of the outstanding balance in the event that litigation is commenced to collect any amounts due under the agreement."  (Doc. 92, Pl.'s Mem. 2-3)  However, American Express only requests the

---

[1] Plaintiff moved for an order of contempt against Abdo, Bakersfield Wholesale, and David on February 23, 2005.  (Doc. 30) An evidentiary hearing relating to this motion was held on April 4, 2005 at which Abdo testified.  An order of contempt was subsequently entered on April 13, 2005.  (Doc. 72)  A memorandum decision in support of that order was entered on May 16, 2005. (Doc. 89)

3

sum of $3,683,320.97 in the conclusion of its brief.  (*Id*. at 6)  Also, Plaintiff's counsel waived their right to recover attorneys' fees at the July 11, 2005 oral argument on the motion for default.

Plaintiff alleges in the First Amended Complaint that in or about May 2004, Abdo applied for and was granted a corporate credit card account on behalf of Bakersfield Wholesale.  Four credit cards associated with this account were subsequently issued to D&A Corporation, Malaka Aezah, Fahd Aizah, and Abdo Aezah.  (Doc. 44, First Am. Compl. ¶ 16)  The complaint goes on to state that "[b]y designating Abdo, Malaka, and Fahd to receive American Express credit cards, Bakersfield Wholesale agreed to be bound by the terms and conditions of the [agreements]" and that the agreements "provide[] that Bakersfield Wholesale is liable for all charges made to the American Express cards issued to defendants."  (*Id*. at ¶ 17)  The agreements also contained a guarantee clause that provided that the individual cardholders are responsible for all charges billed to [their] account."  (Doc. 91, Glauber Decl. at Ex. 7, Samuelson Decl. at Ex. A, Agreements)

Plaintiff does not attach agreements signed by Abdo or by an agent of Bakersfield Wholesale, but instead attaches standard form agreements and asserts these are the agreements that governed its relationship with Abdo and Bakersfield Wholesale.  (Doc. 91, Glauber Decl. at E. 7, Samuelson Decl. at Ex. A, Agreements)  Furthermore, the agreements are attached to the declaration of Mr. Samuelson, American Express' risk management director, which, in turn, is attached to the declaration of

**4**

1  Plaintiff's counsel.  In other words, Mr. Samuelson's declaration
2  is not submitted as a separate document in support of the motion
3  for default, but as an exhibit to Mr. Glauber's declaration.  Mr.
4  Samuelson's declaration is was filed on December 21, 2004 and was
5  submitted earlier in this litigation in support of American
6  Express' request for a writ of attachment.
7      Plaintiff alleges that American Express sent monthly
8  statements to Bakersfield Wholesale and the individual defendants
9  requesting they pay the amounts charged to their accounts.  (*Id*.
10 at ¶ 22)  As of the end of October 2004, there was a balance of
11 $109,762 owed with respect to the card issued in the name of
12 Defendant Abdo; $46,834.26 owed with respect to the card of
13 Defendant Malaka; and $35,033.75 owed with respect to the card of
14 Defendant Fahd.  (Doc. 44, First Am. Compl. ¶¶ 23-27)  On
15 November 5 and 7, 2004, American Express received electronic
16 payments by computer of those amounts for each account.  However,
17 approximately one month later, on December 4, 2004, the bank that
18 issued these payments to American Express reversed the payments
19 due to insufficient funds, resulting in nonpayment.  American
20 Express closed the accounts on December 2, 2004.  American
21 Express does not explain why the accounts were closed on December
22 2, 2004, even though the bank did not inform it of the reversal
23 until two days later, on December 4, 2004.  During the time
24 between early November and December 2 (when the accounts were
25 closed), Abdo and the other defendants continued to use their
26 cards and proceeded to charge an additional $2,278,972.11 to the
27 cards.  (*Id*. at ¶ 27)
28     In support of the $3,683,320.97 total amount claimed as

**5**

damages, Plaintiff again refers to Mr. Samuelson's declaration. Mr. Samuelson's declaration attaches credit card statements from the corporate credit cards issued to Abdo individually, Abdo on behalf of D&A Corporation, Malaka, and Fahd.  As stated in Mr. Samuelson's declaration, the amounts owed on each account are as follows:

| Name on Card | Account Number | Amount Due |
| --- | --- | --- |
| Abdo Aezah | 3794-793179-41002 | $   219,773.33 |
| Abdo Aezah | 3785-913780-01004 | $   131,611.05 |
| Malaka Aezah | 3794-793189-41001 | $   144,044.87 |
| Fahd Aizah | 3794-052859-81006 | $3,187,891.72 |
|  | **TOTAL** | $3,683,320.97 |

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment.  Rule 55(a) requires the plaintiff to first seek an entry of default from the clerk of court.  The entry of default by the clerk conclusively establishes the liability of the defendant.  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).  However, the entry of default does not automatically entitle the plaintiff to judgment in the amount of damages claimed.  *Taylor Made Golf Co., Inc. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 660-1 (S.D. Cal. 1997) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).  In cases where the amount of damages sought is a sum certain and the defendant has failed to appear, the plaintiff may seek entry of judgment from the clerk by submitting documentation

6

1  supporting the amount.  Fed. R. Civ. P. 55(b)(1).  In all other
2  cases, the plaintiff must request default judgment from the
3  court.  Fed. R. Civ. P. 55(b)(2).  In cases where the defendant
4  has also made an appearance in the case, the plaintiff must give
5  the defendant at least three days' notice of the hearing
6  regarding default judgment.  *Id.; see also In re Roxford Foods,*
7  *Inc.*, 12 F.3d 875, 881 (9th Cir. 1993); *LG Elec., Inc. v. Advance*
8  *Creative Computer Corp.*, 212 F. Supp. 2d 1171, 1175 (N.D. Cal.
9  2002).
10       The decision whether to grant or deny a motion for default
11 judgment is within the sound discretion of the trial court.
12 *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Elektra*
13 *Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D.
14 Cal. 2005) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th
15 Cir. 1980)).  The allegations in the complaint relating to
16 liability are taken as true.  *Taylor Made Golf*, 175 F.R.D. at
17 661.  The allegations relating to damages, however, are not taken
18 as true, and the district court may require the submission of
19 supporting evidence or a full evidentiary hearing.  *See id*. ("In
20 assessing damages, the court must review facts of record,
21 requesting more information if necessary, to establish the amount
22 to which plaintiff is lawfully entitled upon judgment by
23 default."); Fed. R. Civ. P. 55(b)(2) ("[T]he court may conduct
24 such hearings or order such references as it deems necessary and
25 proper....").  Additionally, the court may determine the amount
26 of attorney's fees to which the plaintiff may be entitled.  *James*
27 *v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993); *Fair Housing of Marin*
28 *v. Combs*, 285 F.3d 899, 907-8 (9th Cir. 2002); *Taylor Made Golf*,

**7**

175 F.R.D. at 663-4.

The following factors are considered on a motion for default judgment:

    (1)  the possibility of prejudice to the plaintiff[;]
    (2)  the merits of plaintiff's substantive claim[;]
    (3)  the sufficiency of the complaint[;]
    (4)  the sum of money at stake in the action;
    (5)  the possibility of a dispute concerning material facts;
    (6)  whether the default was due to excusable neglect[;] and
    (7)  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-2; *see also Elektra Entertainment*, 226 F.R.D. at 392-3 (applying *Eitel* factors).

### IV.  ANALYSIS

#### A.  Entry of Default by the Clerk.

The first step in obtaining default judgment is to request entry of default from the clerk of court. The clerk can enter default when the defendant "has failed to plead or otherwise defend" the action. Fed. R. Civ. P. 55(a). Here, Abdo and Bakersfield Wholesale have failed to answer the operative First Amended Complaint. At the April 4, 2005 evidentiary hearing on Plaintiff's motion for contempt, counsel for Bakersfield Wholesale and Abdo informed the court that his clients did not intend to file an answer. Also, Plaintiff's counsel stated in

8

his sworn declaration that he spoke with Defendants' counsel on April 11, 2005 and that Defendants' counsel "confirmed that Abdo Aezah and Bakersfield Wholesale would not be answering...and that they intended to default in this action." (Doc. 91, Glauber Decl. ¶ 10)  Plaintiff subsequently moved for entry of default against Abdo and Bakersfield Wholesale on May 6, 2005, and the clerk entered default against each of these defendants on the same date. (*See* Docs. 87, 88)  Plaintiff has fulfilled the first step of the default judgement process.

### B. **Motion for Default Judgment.**

Entry of default by the clerk conclusively establishes the liability of Abdo and Bakersfield Wholesale. *Adriana Int'l*, 913 F.2d at 1414.  Entry of default, however, does not automatically entitle American Express to judgment in the amount it seeks. *Taylor Made Golf*, 175 F.R.D. at 660-1.  The allegations of fact relating to liability are deemed admitted, although the allegations relating to damages are not. *Id*. at 661.  There are two ways in which a plaintiff may obtain entry of default judgment for an award of damages.  The first, which does not apply here, is to apply to the clerk of court for an entry of judgment.  Fed. R. Civ. P. 55(b)(1).  A plaintiff may employ this procedure when the amount of damages sought is a sum certain and where the defendant has made no appearance in the case.  In cases where the defendant has made an appearance, or where the amount of damages sought is not a sum certain (i.e., capable of precise mathematical calculation), the plaintiff must apply to the court for entry of judgment.  Fed. R. Civ. P. 55(b)(2).  Here, Abdo and

Bakersfield Wholesale answered the original complaint, thereby making an appearance in the case and triggering the application of Rule 55(b)(2).  American Express has moved the court for entry of default judgment pursuant to this provision.

### 1.  Notice.

One technical requirement of Rule 55(b)(2) is that plaintiff notify the party against whom default judgment is being sought of the hearing at least three days before the hearing takes place. *See In re Roxford Foods*, 12 F.3d at 881.  Plaintiff here served Defendants' counsel with the motion for default and supporting papers, although it did not separately serve the parties themselves.  Where a party has appeared through counsel, service on counsel in the manner prescribed by law is sufficient notice.

### 2.  *Eitel* Analysis.

In its motion, American Express requests default judgment "for breach of contract and account stated."  (Doc. 92, Pl.'s Mem. 2).  Other claims American Express brings against Bakersfield Wholesale include breach of contract on open book account (a common count), unjust enrichment, common law fraud, piercing the corporation veil, and fraudulent conveyance.

The following factors are considered on a motion for default judgment:

(1) the possibility of prejudice to the plaintiff[;]
(2) the merits of plaintiff's substantive claim[;]
(3) the sufficiency of the complaint[;]
(4) the sum of money at stake in the action;

10

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect[;] and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-2.

### (a) Prejudice to Plaintiff.

First, Plaintiff makes no argument and provides no evidence that it would be prejudiced if a default judgment is not entered. Nevertheless, if a default judgment is not entered, prejudice would result to the Plaintiff because they would "be denied the right to judicial resolution of the claim presented, and would be without other recourse for recovery" for money owed, at least as to Defendants Abdo and Bakersfield Wholesale. *Elektra Entertainment*, 226 F.R.D. at 392. Plaintiff would not be denied the opportunity of judicial resolution of its claims against Malaka and David, as these defendants have not defaulted.

### (b) Sufficiency of Allegations and Merit of Claims.

Plaintiff's complaint states claims for breach of contract and account stated. These claims also appear to have merit, despite several evidentiary problems with Plaintiff's submissions.

First, the elements for breach of contract are the existence of a valid contract, breach of the contract, and resulting

**11**

damages. Although Plaintiff has not provided the signed contract, Abdo and Bakersfield Wholesale have admitted their liability as to the breach of contract claim by virtue of their default as to the credit plaintiff advanced. As to Bakersfield Wholesale, Plaintiff alleges that a contract existed and that Bakersfield Wholesale breached that contract by failing to pay the outstanding amount on its corporate charge account. (Doc. 44, First Am. Compl. ¶¶ 49-52) These allegations relate to liability and are therefore deemed admitted and considered true for purposes of the motion for default. Plaintiff has established its claim for breach of contract against Bakersfield Wholesale.

As to Abdo, Plaintiff alleges that a Abdo was party to the agreement governing use of the corporate credit cards and that Abdo breached the agreement by "bouncing" payments to American Express. (Doc. 44, First Am. Compl. ¶ 61) The agreements provided that the individual cardmembers are liable for all charges billed to their accounts. Plaintiff has established its claim for breach of contract against Abdo.

Second, the common law cause of action for "account stated" is as follows:

> An account stated is an agreement, based on the prior transactions between the parties, that the items of the account are true and that the balance struck is due and owing from one party to another. [citations] When the account is assented to, it becomes a new contract. An action on it is not founded upon the original items, but upon the balance agreed to by the parties.

*Gleason v. Kramer*, 103 Cal. App. 3d 782, 786-7 (1980). A cause of action for account stated is therefore like a cause of action for breach of contract, where the element requiring a valid,

**12**

1 existing contract is fulfilled by the existence of an assent,
2 either explicit or implicit, that the amount owed, as stated on
3 the account, is accurate.
4      Plaintiff's cause of action for account stated is only
5 brought against Defendant Bakersfield Wholesale.  As to
6 Bakersfield Wholesale, Plaintiff alleges that it received
7 American Express monthly statements of account and, by not
8 objecting to the amounts on the statements, acknowledged the debt
9 owed to American Express.  (Doc. 44, First Am. Compl. ¶ 56)
10 Furthermore, Plaintiff alleges that Bakersfield Wholesale failed
11 to pay the amount due.  (*Id*. at ¶ 51).  Plaintiff attaches credit
12 card statements in support of the merits of its account stated
13 claim.  The statements are again attached to Mr. Samuelson's
14 declaration, which was submitted on an unrelated motion.  Despite
15 this evidentiary problem, Plaintiff satisfies the second and
16 third elements of the *Eitel* analysis. Plaintiff's allegations,
17 taken as true, establish a claim for account stated against
18 Bakersfield Wholesale.
19     Plaintiff does not allege a cause of action for account
20 stated as to Abdo.

21
22              **(c)   Amount of Money at Stake and Possibility of
                       Dispute over Material Facts.**
23
24     The allegations in the complaint relating to liability
25 (i.e., that there was a contract and that it was breached) are
26 taken as true.  The allegations relating to the total amount of
27 damages, however, are not taken as true.  Plaintiff argues in its
28 brief that it "respectfully requests the court to enter this

**13**

default judgment because [Abdo and Bakersfield Wholesale] have not filed a response to the first amended complaint." (Doc. 92, Pl.'s Mem. 5)  While Plaintiff does cite to facts alleged in its complaint (*see id.* at 2-4), it makes no effort to explain its basis for damages or cite to the record to support its claim for damages.  Instead, it asserts that Defendants' admissions by their default alone are sufficient to establish that $3,683,320.97 is the amount owed.  Federal Rule of Civil Procedure 55 and precedent applying Rule 55, however, are clear that on a motion for default, Plaintiff is required to submit sufficient evidence to substantiate the claimed amount of damages.  *See Taylor Made Golf*, 175 F.R.D. at 661.

   Although Plaintiff's showing is tenuous, Plaintiff has submitted some evidence to support its claim for damages. Plaintiff has submitted the declaration of its counsel, which in turn, attaches a declaration prepared for a different motion. Mr. Samuelson's declaration, filed December 21, 2004, was prepared in support of a writ of attachment; it does set forth the amounts owed on each of the charge cards issued for Bakersfield Wholesale's account as of that time.  The court is left to infer that there has been no payment on these accounts.

   Abdo signed a guarantee that he would be personally liable for the amounts charged to the cards.  Abdo is jointly and severally liable to American Express in the total amount $3,683,320.97 based on his guarantee.  Bakersfield Wholesale is jointly and severally liable to American Express in the total amount charged on all credit cards issued under its corporate account, or $3,683,320.97.

**14**

        **(d)  Whether Default Was Due to Excusable Neglect.**

This issue is not a factor in this case since counsel for Abdo and Bakersfield Wholesale informed the court that his clients intended to default.

        **(e)  Policy in Favor of Resolution on the Merits.**

Where two parties intend a resolution by default, the factor in favor of resolution on the merits does not weigh against entering judgment by default.

### C.  **Attorneys' Fees.**

Plaintiff does, however, state in the "preliminary statement" of its brief that the governing agreement awards American Express attorneys' fees equal to 15% of the outstanding balance in the event that litigation is commenced to collect any amounts due under the agreement.  (Doc. 92, Pl.'s Mem. 2-3) However, Plaintiff does not request attorneys' fees in the conclusion of its brief.  Also, Plaintiff's counsel waived their right to recover attorneys' fees during oral argument.

### V.  **CONCLUSION**

For all the foregoing reasons, Plaintiff's request for default judgment in the amount of $3,683,320.97 is **GRANTED.**  Judgment shall be entered in favor of Plaintiff and against Defendants Abdo Aezah and D&A Corporation, d/b/a Bakersfield Wholesale, a California

**15**

corporation.  Plaintiff's counsel shall submit a judgment in conformity with this decision within five (5) days following the date of service of this decision.

**SO ORDERED.**
**DATED: July _15__, 2005.**

                                    **/s/ OLIVER W. WANGER**
                                    _____
                                    **Oliver W. Wanger**
                            **UNITED STATES DISTRICT JUDGE**