DOUGLAS TUCKER 172550
HENRY Y. CHIU 222927
KIMBLE, MacMICHAEL & UPTON
A Professional Corporation
5260 North Palm Avenue, Suite 221
Fresno, California 93704
Telephone: (559) 435-5500
Facsimile: (559) 435-1500

Attorneys for Defendant,
DAVID AEZAH

FILED
MAR 2 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

\* \* \*

AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York corporation,

Plaintiff,

v.

D&A CORPORATION, d.b.a. BAKERSFIELD WHOLESALE FOODS, a California corporation; ABDO AEZAH, an individual; MALAKA M. AEZAH, an individual; DAVID AEZAH, an individual; and DOES 1 through 100, inclusive,

Defendants.

Case No. CIV-F-04-6737 OWW TAG

STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF DOCUMENTS

In recognition that the parties may possess certain confidential and/or proprietary information that may be necessary or desirable to reveal to other parties during discovery and trial of the present action, and that a protective order of the above captioned Court is desirable to protect such information in accordance with local, state and federal privacy laws, and from disclosure to competitors and to the general public,

IT IS HEREBY STIPULATED BY THE PARTIES AND THEIR COUNSEL, AND ORDERED BY THIS COURT, that the parties and their counsel shall follow the following procedures concerning the documents, testimonies, written discovery responses and other information provided in the course of pretrial discovery, and any information contained therein

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 North Palm Avenue
Suite 221
P O Box 9489
Fresno, CA 93792-9489

STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF DOCUMENTS

or derived therefrom:

1. The parties agree that any documents produced by plaintiff American Express Travel Related Services Inc. ("American Express") or defendant David Aezah ("David") which have been marked with the legend "CONFIDENTIAL" (the "Confidential Information") shall be used only for the litigation between the parties to this action, and for no other purpose or action. Furthermore, review of the Confidential Information shall be limited to the following persons:

   a. outside attorneys of record for the parties, and associates, paralegals, secretaries and other persons regularly employed by said attorneys;

   b. in-house counsel and designated representatives of each party;

   c. any deponent in the present action, but only to the extent disclosure is reasonably believed, in good faith, to be necessary for the deponent may understand the deposition questions and context;

   d. experts retained by the parties;

   e. any court reporter reporting a deposition

   f. any person or entity, if in response to a subpoena, document request or governmental or regulatory request, so long as the disclosing party informs the initial producing party of the subpoena, document request or governmental or regulatory request with sufficient advance notice with which to seek a protective order for such disclosure; and

   g. the Court, if such information is filed or lodged pursuant to this Stipulation and Order.

2. If any Confidential Information is mistakenly or inadvertently produced or disclosed without a "CONFIDENTIAL" designation, the designating party may as soon as possible after discovery of the mistaken or inadvertent production or disclosures, so notify all parties hereto and request that the information and any documents containing the information be treated as Confidential Information. To the extent feasible, such producing party shall produce new copies of documents containing such Confidential Information with the legend "CONFIDENTIAL" to replace the documents originally produced or disclosed. Upon receipt of

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 North Palm Avenue
Suite 221
P O Box 9489
Fresno, CA 93792-9489

2
STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF DOCUMENTS    P. 3

1  such notification and request, the receiving party shall take reasonable steps to retrieve the
2  subject documents from any person not identified in paragraph 1 to which those documents were
3  provided, and to advise all third parties (including those identified in paragraph 1) to maintain
4  the confidentiality of the information.

5      3.    In the event that at any time any party hereto disagrees with another's designation
6  of any material as Confidential Information, the objecting party shall notify the producing party
7  in writing by facsimile or first-class mail and shall identify the documents to which it has an
8  objection (the "Objection Letter"). The parties must then attempt to resolve the dispute by
9  meeting and conferring in good faith. If the dispute is not resolved through the meet and confer
10 process within five (5) business days, the objecting party shall so notify the producing party in
11 writing by facsimile or first-class mail that it intends to disclose the documents identified in the
12 Objection Letter (the "Disclosure Notice"). If the producing party does not seek a protective
13 order from the Court preventing the production of the documents identified in the Objection
14 Letter within ten (10) business days of receipt of the Disclosure Notice, the documents identified
15 in the Objection Letter shall no longer be deemed Confidential Information under this Stipulation
16 and Order and may be produced freely to third parties. If an application for a protective order is
17 made timely under the provisions of this paragraph, any documents identified in the Objection
18 Letter shall be treated as Confidential Information until the Court rules upon any such
19 application.

20     4.    All persons identified in Paragraph 1(b)–(e) who are to be given access to the
21 Confidential Information in the course of this action shall be required to first read this Stipulation
22 and Protective Order, and execute the Acknowledgment attached hereto as Exhibit A. Copies of
23 all such Acknowledgments shall be retained by the party allowing access to the Confidential
24 Information. Said Acknowledgments shall be protected under the work product doctrine unless
25 the Court suspects that the Confidential Information has been disclosed to a person or entity not
26 bound by this Stipulation and Order, in which event the Court shall conduct an in-camera review
27 of all Acknowledgements, and may order the Acknowledgement(s) to be discoverable.

28     5.    If the Confidential Information is disclosed to any persons in the manner

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 North Palm Avenue
SUITE 221
P.O. Box 9489
Fresno, CA 93792-9489

3
STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF DOCUMENTS

inconsistent with, or unauthorized by, this Stipulation and Order, the person or party responsible for such disclosure must immediately inform the other party of all pertinent facts concerning such disclosure, and, without prejudice to other rights and remedies of any party, make every reasonable effort to prevent further such disclosure.

6.  Within sixty (60) days after the final disposition of the present action, whether through final judgment or otherwise (including all appeals), all persons and entities authorized by this Stipulation and Order to receive any Confidential Information shall destroy or return all originals, copies and any other writing containing or referring to any Confidential Information, except that the attorneys of record shall be entitled to retain copies of the Confidential Information to the extent necessary to preserve a litigation file, which contents shall be disclosed only in accordance with this Stipulation and Order. The parties shall also be responsible for obtaining originals and all copies of the Confidential Information provided by them to any and all persons identified in Paragraph 1(a)-(e), and destroying or returning such documents to the producing party.

7.  Nothing contained in this Stipulation and Order shall prejudice any party's right to use the Confidential Information before this or any other Court. However, before doing so, to the extent not otherwise authorized herein, the party intending to use the Confidential Information shall so inform the producing party of such intended use, with sufficient time for the producing party to apply to the Court for appropriate protection.

8.  Nothing in this Stipulation and Order shall affect the admissibility of any Confidential Information into evidence, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of any Confidential Information.

9.  Nothing contained in this Stipulation and Order shall bar or otherwise restrict the right of any counsel involved in this action from advising their client with respect to this action, doing anything necessary to prosecute or defend this action, or furthering the interests of their clients, provided that, absent an Order of this Court or consent of the disclosing party, no attorney may disclose any Confidential Information in violation of this Stipulation and Order.

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 North Palm Avenue
SUITE 221
P.O. Box 9489
Fresno, CA 93792-9489

4
STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF DOCUMENTS

10. Nothing in this Stipulation and Order shall restrict any person's use of its own documents. Any such disclosure shall not affect any designation made pursuant to the terms of this Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the Confidential Information, and does not result in the Confidential Information becoming public knowledge.

11. The parties recognize and acknowledge that the nature of this action, and of some of the confidential information that may be sought, are so sensitive that a party may believe that even this protective order may not provide sufficient protection. In such an event, this Stipulation and Order shall not be deemed consent or an admission that such information should be disclosed, and such party may resist disclosure of such information until the matter has been heard by the Court.

12. This Stipulation and Order shall not prejudice the right of a party to: (a) object to a request for discovery on any ground; (b) object to the introduction of any information or documents into evidence; (c) seek additional protections for any such information or documents; (d) object to the designation of any document or information as being "proprietary" or "confidential"; or (e) seek any modification of or relief from any provision of this Stipulation and Order.

13. The terms of this Stipulation and Order shall survive and remain in full force and effect after the termination of this lawsuit, and the Court shall retain jurisdiction over the parties, their attorneys, and all other persons to the Confidential Information have been disclosed for the purpose of enforcing the terms of this Stipulation and Order or redressing any violation thereof.

Dated: February 24, 2006.          KIMBLE, MacMICHAEL & UPTON
                                    A Professional Corporation

                                    By: _____
                                        DOUGLAS TUCKER
                                        Attorney for David Aezah

Dated: February 27, 2006.           JAFFE & ASHER LLP

                                    By: _____
                                        IRA GLAUBER
                                        Attorney for Plaintiff.

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P O BOX 5400
FRESNO, CA 93755-5400

5
STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF DOCUMENTS

AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY, INC.

**ORDER**

IT IS SO ORDERED.

Dated: *March 2*, 2006.

*[signature]*

~~JUDGE OF THE DISTRICT COURT~~
United State Magistrate Judge

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 North Palm Avenue
Suite 221
P.O. Box 9489
Fresno CA 93792-9489

6
STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF DOCUMENTS

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

\* \* \*

| | |
|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York corporation, | Case No. CIV-F-04-6737 OWW |
| Plaintiff, | AFFIDAVIT OF: |
| v. | |
| D&A CORPORATION, d.b.a. BAKERSFIELD WHOLESALE FOODS, a California corporation; ABDO AEZAH, an individual; MALAKA M. AEZAH, an individual; DAVID AEZAH, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |

I have received and reviewed a copy of the Stipulation and Protective Order Concerning Production of Documents executed between the parties in the above-entitled action.

I understand that the above-entitled action involves the disclosure of certain business records, trade secrets, financial data, proprietary information and other confidential information (collectively referred to herein as "the Confidential Information") for which the Court has issued the above-mentioned Protective Order to protect against any unauthorized disclosure.

I also understand that the attorneys and their staff for the parties who have signed the above-mentioned Protective Order are authorized to receive and disseminate the Confidential Information in accordance with the provisions of the Stipulation and Protective Order.

I agree to comply with all provisions of the Stipulation and Protective Order that are applicable to me, specifically:

(1)  I will use the Confidential Information solely for the purposes of this litigation;

(2)  I will hold in confidence and not disclose to anyone not qualified or designated under the Stipulation and Protective Order the Confidential Information, or any words, summaries,

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 North Palm Avenue
Suite 221
P O Box 9489
Fresno CA 93792-9489

STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF DOCUMENTS
[EXHIBIT A]

1 abstracts, or indices of the Confidential Information;

2     (3)    If it is necessary for me to disclose the Confidential Information to any partner, associate, clerical personnel or assistant in order to accomplish the objectives for which I have been given the Confidential Information, I will request that such person sign an affidavit similar to this one and provide the counsel for whom my services have been engaged the signed affidavit at least five (5) days prior to when such disclosure would be necessary. I will not disclose the Confidential Information to that person until authorized to do so by the counsel for whom my services have been engaged; and

9     (4)    I will return all of the Confidential Information, and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to the counsel for whom my services have been engaged once the present action is concluded.

Dated: _____

Signed: _____

M:\Litigation\American Passengers\American Express\Aczah\Discovery\Protective Order 002.doc

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

2
STIPULATION AND PROTECTIVE ORDER CONCERNING PRODUCTION OF DOCUMENTS
[EXHIBIT A]