E. Warren Gubler, Esq. (SBN 109317)
Steven Koch, Esq. (SBN 222938)
GUBLER & IDE
1110 North Chinowth Street
Visalia, California 93291
Tel: (559) 625-9600
Fax: (559) 625-9605

Ira N. Glauber, Esq. (admitted *pro hac vice*)
JAFFE & ASHER LLP
600 Third Avenue
New York, New York 10016

Tel: (212) 687-3000
Fax: (212) 687-9639

Attorneys for Plaintiff American Express Travel Related Services Company, Inc.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>D&A CORPORATION d/b/a BAKERSFIELD WHOLESALE FOODS, a California Corporation, ABDO AEZAH, an Individual, MALAKA M. AEZAH, an Individual, FAHD AIZAH, an Individual, and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. Civ-F-04-6737 OWW<br><br>ORDER TO SHOW CAUSE WHY ORDER FOR SALE OF DWELLING SHOULD NOT BE MADE (C.C.P. § 704.750) |

TO ABDO AEZAH and D&A CORPORATION D/B/A BAKERSFIELD WHOLESALE FOODS; ABOVE-NAMED DEFENDANTS, AND TO THEIR ATTORNEYS OF RECORD:



PDF created with pdfFactory trial version www.pdffactory.com

The application of AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York Corporation, the judgment creditor in the above-entitled action, for an order for sale of a dwelling, pursuant to Section 704.710-704.850 of the Code of Civil Procedure, being before this court, and pursuant to Section 704.770 of the Code of Civil Procedure.

IT IS HEREBY ORDERED that you appear before the above-entitled court on June 5, 2006, at 10:00 a.m. in Room 3, 7th floor of this court located at 2500 Tulare Street, Fresno, California, then and there to show cause, if you have any, why an order for sale of your interest in the real property and dwelling at 2516 El Portal Drive, Bakersfield, California with the following legal description:

> Lot 37 of Tract 4080, in the city of Bakersfield, County of Kern, State of California, according to the map thereof recorded September 18, 1979 in Book 29 pages 95 and 96, of maps, in the office of the County Recorder of said county.
>
> EXCEPTING THEREFROM all oil, gas and other hydrocarbons and all other minerals of whatever kind or character (all herein collectively called "minerals"), whether now known to exist or hereafter discovered (it being intended that the word "minerals" as used herein shall be defined in the broadest sense of the word and shall include, but not be limited to oil, gas, other hydrocarbons and all other mineral substances and products, both metallic and nonmetallic, solid, liquid or gaseous), which are upon, in, under or may be produced from said real property; all salt water which is in, under or may be produced from said real property; the exclusive right, by whatever methods now or hereafter known, as grantor or its successor or assigns may deem advisable, to prospect for, investigate for, explore



PDF created with pdfFactory trial version www.pdffactory.com

for, drill for, produce, mine, extract, remove and reduce to possession and ownership, all such minerals and salt water which are upon, in, under or may be produced from said real property; the exclusive right to drill into and through said real property to explore for and thereafter produce and extract minerals which may be produced from adjacent real property; the right to lay, construct, erect and place upon and in said real property; and use, maintain and operate hereon and thereafter remove, all buildings, tanks, pressure plants and other machinery, fixtures and equipment, pipelines, telephone lines, electric power lines, roads, power houses and other structures and facilities as grantor or its successors or assigns may deem advisable, for the exercise and enjoyment of the rights herein excepted and reserved; the exclusive right to treat, process (but not refine), store upon and remove from said real property, such minerals and salt water; the exclusive right to produce and extract such minerals by repressuring the subsurface sands and strata with fluids or gases or by such other method or methods as grantor or its successors or assigns may deem advisable, and to inject in and store and thereafter remove such fluids and gases, whether or not indigenous to said real property; the right at all times, without charge, to investigate for, explore for, drill for, produce, remove and reduce to possession and ownership, those quantities of fresh water from aquifers underlying said real property deemed necessary by grantor or its successor or assigns to use in prospecting, exploring, drilling, mining, producing, extracting and removing (including, but not limited to, use in unit operations, waterflood, thermal, or other secondary recovery methods now or hereafter known), or other operations in connection with the full enjoyment and exercise of the rights herein excepted and reserved; the right to exercise all rights herein excepted and reserved and any and all other rights upon said real property as grantor or its successor or assigns deems



PDF created with pdfFactory trial version www.pdffactory.com

necessary, incidental to or convenient, whether along or co-jointly with neighboring lands, in exploring for, producing and extracting the minerals and salt water herein excepted and reserved, and the unlimited and unrestricted right to access to said minerals and salt water for all purposes, provided, however, that the consent of the surface owner is first obtained, grantor, its successors and assigns, shall not enter upon the surface on in or through the upper 500 feet of the subsurface in the exercise of the rights excepted and reserved herein, as reserved by Tenneco West, Inc., a Delaware corporation, in Deed recorded March 17, 1977 in Book 5014 page 2248, of Official Records.

should not be issued as requested in the application of AMERICAN EXPRESS judgment creditor in the above-referenced action, a copy of which is served herewith.

This order, together with the attached copy of the above-mentioned Application, Declaration of Steven M. Koch and a copy of the Notice of the Hearing, shall be served on you personally or by mail at least 30 days prior to the hearing date.

Dated: __April 24________, 2006 _/s/ OLIVER W. WANGER__________
U.S.D.J.

M:\Litigation\American Express\Aezah\Judgment Enforcement\Order.to.Show.Cause.doc



PDF created with pdfFactory trial version www.pdffactory.com